**EXHIBIT A**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |
| Megan Thomas ) | **Summons** |
| ) | |
| Plaintiff, ) | **(JURY TRIAL REQUESTED)** |
| vs. ) | |
| ) | Docket: 2017-CP-40- |
| City of Columbia ) | |
| ) | |
| Defendants. ) | |

TO THE DEFENDANT(S) ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the undersigned attorneys at their offices at 1111 Church Street, Camden, South Carolina within thirty (30) days after the service hereof, exclusive of the day of such services; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

SAVAGE, ROYALL & SHEHEEN, L.L.P.

By: _____
Vincent A. Sheheen
Post Office Drawer 10
1111 Church Street
Camden, South Carolina 29020
(803) 432-4391

September 11, 2017

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) |
| Megan Thomas | ) COMPLAINT |
| Plaintiff(s), | ) (JURY TRIAL REQUESTED) |
| vs. | ) |
| | ) DOCKET #: 2017-CP-40- |
| City of Columbia | ) |
| Defendant(s). | ) |

The Plaintiff, complaining of the Defendants, would respectively show unto this Honorable Court:

## THE PARTIES

1. The Plaintiff is a citizen and resident of the County of Kershaw, South Carolina.

2. The Defendant, City of Columbia ("City"), is upon information and belief, is a government entity that operates a waste water treatment facility in the County of Richland, State of South Carolina. The City is a proper defendant for claims brought pursuant to Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

3. The action complained of occurred within Richland County, South Carolina, and thus this Court has proper jurisdiction and venue over this matter.

4. The Plaintiff timely filed complaints alleging sexual discrimination, pregnancy discrimniation and harassment with the South Carolina Human Affairs Commission. The Plaintiff received Right to Sue letter's from the S.C. Human Affairs Commission on June 23, 2017. Plaintiff has filed the instant suit within 90 days of the date she received the Right to Sue letter.

## FOR A FIRST CAUSE OF ACTION

1

*(Sex Discrimination-Harassment, Pregnancy)*

5. Plaintiff was hired with the City of Columbia Metropolitan Wastewater Treatment Plant.

6. Within the first weeks of employment, Plaintiff's co-worker, Travis Brazell, began making sexual advances toward her. Brazell made demeaning comments toward Plaintiff and constantly and oppressively commented on her appearance and desirability.

7. Eventually, the situation with Brazell escalated into him reaching underneath Plaintiff's hem and feeling her leg. In the coming weeks, Brazell began to explicitly talk about Plaintiff's breasts, hips, and buttocks.

8. Brazell continued to comment and harass Plaintiff about her body making such lewd comments in front of supervisors, Keith Collinsworth and Jim Collins. No actions were taken to protect Plaintiff or halt the harassment.

9. Both Collinsworth and Brazell told Plaintiff that she owed her job to them and Collinsworth also began speaking in vulgar manners to Plaintiff.

10. A co-worker, Jerry Driggers, advised Plaintiff that she should file a Complaint with the employer. Plaintiff filed a Complaint through Jim Collins.

11. After reporting the abuse, Plaintiff was advised by the Employer that she should not mention her complaints to anyone and that she should lock herself into an office whenever Brazell was harassing her.

12. Employer subsequently informed other employees about Plaintiff's complaints of sexual harassment and she began to be isolated by her fellow employees.

13. Upon information and belief, Collinsworth also made vulgar remarks about Plaintiff and told others that Plaintiff was a problem employee because of her complaints of harassment.

14. More harassment continued and was not remedied by Employer even after being put on notice in many ways. Instead, Plaintiff was isolated further in her employment. Furthermore, supervisors at Employer's business made negative references regarding Plaintiff's complaints to other employees and to Plaintiff to retaliate against Plaintiff and make the workplace even more hostile.

15. After making complaints, Plaintiff began to receive negative work performance reviews and comments, although she had never had performance issues noted prior to making complaints. In November of 2016, Plaintiff notified Employer that she was pregnant. Employer refused to allow any accommodations normally allowed to employees and forced Plaintiff to resign her employment because of her pregnancy and in further retaliation against her.

## FOR A SECOND CAUSE OF ACTION

*(Retaliation)*

16. Each and every allegation stated above is restated as if repeated herein.

17. Upon information and belief, Defendant took detrimental employment actions against Plaintiff because she reported the sex discrimination and violations of Title VII, including eventual termination of employment.

18. Upon information and belief, Defendant's actions violate the anti-retaliation provisions of Title VII and an administrative Complaint was filed with the S.C. Human Affairs Commission and a right to sue letter was issued.

3

19. Plaintiff has suffered injuries from Defendant's actions including emotional distress, lost wages, and lost income and is entitled to all recoverable damages allowed under Title VII.

WHEREFORE, the Plaintiff prays the Court to return a verdict in her favor with actual, statutory and punitive damages as a jury finds appropriate; for the costs and attorneys fees of this action; and for such further relief as this Court deems just.

11th day of September, 2017.

Vincent A. Sheheen, Esq.
Savage, Royall & Sheheen, LLP
PO Drawer 10
Camden, South Carolina 29020
Ph. (803) 432-4391
vsheheen@thesavagefirm.com

Dennis N. Cannon, Esq
Cannon Law Firm
PO Box 532
Camden, SC 29021
Ph. (803) 432-4402
dncannon@bellsouth.net
ATTORNEYS FOR PLAINTIFF

4

Megan Thomas v. City of Columbia

## CERTIFICATE OF SERVICE

I, the undersigned, an employee of Savage, Royall & Sheheen, L.L.P. do hereby certify that I have served the foregoing Summons & Complaint by depositing a copy of same in a United States Postal Mailbox, postage prepaid, certified return receipt, addressed to the party below, on the 11th day of September, 2017.

City of Columbia
Teresa Wilson, City Manager
PO BOX 147
Columbia, SC 29217

*Autumn Furniss*
Autumn N. Furniss
Legal Assistant for Vincent A. Sheheen
1111 Church Street
Post Office Drawer 10
Camden, SC 29020
(803) 432-4391

SWORN to before me this 11th day of September, 2017.

*Nancy M. Richbourg*
Notary Public for South Carolina
My Commission Expires: 9/22/18

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Richland | ) | |
| | ) | |
| Meagan Thomas | ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** | ) | |
| | ) | 2017-CP-40- |
| vs. | ) | |
| | ) | |
| City of Columbia | ) | |
| **Defendant(s)** | ) | |

| Submitted By: Vincent A. Sheheen, Esq | SC Bar #: | 11552 |
|---|---|---|
| Address: 1111 Church Street | Telephone #: | 803-432-4391 |
| PO Drawer 10 | Fax #: | 803-425-4812 |
| Camden, SC 29201 | Other: | |
| | E-mail: | vsheheen@thesavagefirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
*\*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** /s/    **Date:** 9/11/17

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)    Page 1 of 2